UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| NICHOLAS A. GLADU, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:17-cv-00504-JAW |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| Defendants. | ) | |

# AMENDED[1] ORDER AFFIRMING RECOMMENDED DECISION AND ORDER

The Plaintiff, a state prisoner acting pro se, objects to a recommended decision of the Magistrate Judge in which the Magistrate Judge recommended that this Court deny the Plaintiff's motion for a physical examination. After performing a de novo review of this issue, the Court concludes that Federal Rule of Civil Procedure 35 does not apply to a party who is requesting a physical examination of himself and that the Plaintiff otherwise failed to meet the standards for the issuance of an injunction ordering such an examination.

The Plaintiff also objects to the Magistrate Judge's non-dispositive order denying his request that certain medical treatises be admitted into the record. The Court overrules this objection because it agrees that the records do not fall within the

---

[1] In issuing its July 24, 2018 Order, the Court inadvertently overlooked Mr. Gladu's motion to amend his motion for physical examination. *Pl.'s Mot. to Amend Req. for Phys. Exam. to Include Supplemental Information/Evid.* (ECF No. 80). The Court GRANTS Mr. Gladu's motion to amend to include a laboratory result from CCS dated June 11, 2018. *Id.* Attach. 1 at 1 (*June 11, 2018 Lab Results*). The laboratory result reveals that Mr. Gladu's phosphorus was 4.6 and the normal range is 2.5 to 4.5, and his Vitamin D, 25-Hydroxy was 34.7 and the normal range is 30.0 to 100.0. *Id.*

standards for judicial notice under Federal Rule of Evidence 201 and that medical treatises, standing alone, may not substitute for expert opinion.

**I.     BACKGROUND**

On December 29, 2017, Nicholas A. Gladu, a state prisoner acting pro se, filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, Robert Clinton, M.D., Cindy McDon[]ough, nurse practitioner, and Wendy Riebe, health services administrator, claiming that in April 2017, he noticed a "palpable fracture-like anom[a]ly which was approximately 3-4 inches long on the left side of his skull." *Compl.* ¶ 10. Mr. Gladu states that he has experienced "vision changes, visual disturbances, constant headache, vertigo, dizzy spells, tingling in his face and hands, skull pain and tenderness, shortness of breath, short-term memory problems, cognitive dysfunction, and more." *Id.* ¶ 23. He also alleges a series of other problems, ranging from Vitamin D deficiency to renal dysfunction. *Id.* ¶¶ 27-58. He states that he has not received appropriate diagnostic procedures and treatment of these conditions. *Id.* ¶¶ 59-65. Mr. Gladu requests that the Court declare that the Defendants violated his Eighth Amendment right to medical care, issue an injunction requiring the Defendants to provide "x-rays of Plaintiff's skull and any necessary follow-up care determined thereafter, including treatment by an outside specialist," and compensatory and punitive damages.[2] *Id.* at 6.

---

[2]      On September 23, 2015, Mr. Gladu filed a similar complaint with this Court, alleging that Correct Care Solutions, Dr. Clinton and Wendy Riebe, among others, failed to diagnose and treat his hip pain. *Gladu v. Correct Care Solutions*, No. 2:15-cv-00384-JAW, *Compl.* (ECF No. 1). On February 14 and 15, 2018, the Court affirmed a recommended decision and issued judgment in favor of the Defendants. *Id. Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 541); *J.* (ECF No. 542). Mr. Gladu filed a notice of appeal of this judgment to the Court of Appeals for the First Circuit, where it remains pending. *Id. Notice of Appeal* (ECF No. 545).

On February 22, 2018, Mr. Gladu filed a motion for a physical examination. *Pl.'s Mot. for Phys. Exam. and Req. for Expedited Resps./or Waiver of Reply* (ECF No. 19) (*Pl.'s Mot.*). On April 23, 2018, Mr. Gladu renewed his motion for physical examination. *Pl.'s Renewed Mot. for Phys. Exam. and Req. for Expedited Resp.* (ECF No. 46) (*Pl.'s Renewed Mot.*).

On March 7, 2018, Mr. Gladu filed motions to admit certain medical treatises and medical records. *Pl.'s Mot. to Admit Med. Treatises* (ECF No. 23); *Pl.'s Mot. to Include Attached Exs.* (ECF No. 24, 31). On March 26, 2018, Mr. Gladu filed a motion for an expedited ruling on his motion to admit medical treatises. *Pl.'s Mot. for Expedited Ruling on Mot. to Admit Med. Treatises* (ECF No. 30).

On May 14, 2018, the Defendants filed a response to all pending motions. *Defs. Correct Care Solutions, Robert Clinton, M.D., Cindy McDonough, N.P. and Wendy Riebe, H.S.A.'s Resp. to Pl.'s Renewed Mot. for Phys. Exam. and Mot. for Expedited Resp.* (ECF No. 56).

On June 26, 2018, the Magistrate Judge issued a recommended decision in which he recommended that the Court deny Mr. Gladu's motions for physical examinations. *Recommended Decision on Pl.'s Mots. for Phys. Exam.* at 7 (ECF No. 72) (*Recommended Decision*). The Magistrate Judge also denied Mr. Gladu's motion to admit treatises and his motion for expedited ruling. *Id.* at 6-7 n.3.

On July 5, 2018, Mr. Gladu filed an objection to the Magistrate Judge's recommended decision and to his ruling to exclude Mr. Gladu's medical treatises. *Pl.'s Obj. to the Magistrate[']s Recommended Decision* at 1-2 (ECF No. 77) (*Pl.'s Obj.*).

On July 19, 2018, the Defendants filed a response to Mr. Gladu's objection.  *Defs. Correct Care Solutions, Robert Clinton, M.D., Cindy McDonough, N.P. and Wendy Riebe, H.S.A.'s Resp. to Pl.'s Obj. to Recommended Decision on Mots. for Phys. Exam.* (ECF No. 83) (*Defs.' Opp'n.*).

## II. THE PARTIES' POSITIONS

### A. Nicholas A. Gladu's Objection

Mr. Gladu objected first on the ground that the Magistrate Judge erred in construing his motion for a physical examination as a request for preliminary injunctive relief.  *Pl.'s Obj.* at 1.  Mr. Gladu then objected to the Magistrate Judge's conclusion that he failed to demonstrate the standards for granting injunctive relief, stating that—contrary to the Magistrate Judge's assessment—he does suffer from medical conditions that require an examination and treatment.  *Id.* at 1-2.  Finally, Mr. Gladu objected to the Magistrate Judge's decision to exclude certain proffered medical treatises.  *Id.* at 2.

### B. The Defendants' Opposition

The Defendants first cite authority to the effect that a party may not use Rule 35 to compel an examination of himself.  *Defs.' Opp'n* at 1-3.  The Defendants next support the Magistrate Judge's determination that Mr. Gladu failed to demonstrate a likelihood of success on the merits and therefore that the motion for physical examination, in effect a request for injunctive relief, should be denied.  *Id.* at 3-5.  Finally, the Defendants defend the Magistrate Judge's decision not to accept into evidence the medical treatises that Mr. Gladu supplied.  *Id.* at 5-6.

## III. STANDARDS OF REVIEW

### A. The Recommended Decision on the Motion for Physical Examination

As the Magistrate Judge treated Mr. Gladu's request for a physical examination as a request for injunctive relief, the Magistrate Judge issued his Recommended Decision pursuant to 28 U.S.C. § 636(b)(1)(b), which allows for de novo review upon timely objection by this Court. This Court is, therefore, required to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

### B. The Order on the Motion to Admit Treatises[3]

The portion of the Magistrate Judge's order that addressed Mr. Gladu's motion to admit treatises is a ruling on a non-dispositive matter. Accordingly, the Court reviews the order to determine whether it is either "contrary to law" or "clearly erroneous." FED. R. CIV. P. 72(a).

---

[3] The Magistrate Judge also denied Mr. Gladu's request for an expedited ruling, but Mr. Gladu did not object to this portion of the Magistrate Judge's June 26, 2018 order and the Court affirms this portion of the order without objection.

5

## IV. DISCUSSION

### A. The Motion for Physical Examination

The Magistrate Judge correctly determined that Mr. Gladu's demand for his own physical examination purportedly under Federal Rule of Civil Procedure 35 is not properly viewed as a request for a Rule 35 examination, rather as a request for injunctive relief. *See Brown v. United States*, 74 F. Appx. 611, 614 (7th Cir. Aug. 11, 2003) ("Rule 35 . . . does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"); *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997); *Trafton v. United States*, 430 F.2d 1351, 1352 (5th Cir. 1970) ("Rule 35 . . . authorizes a party to an action to require another party to submit to a physical or mental examination"); *Roberson v. Padula*, No. 2:13-01872-RMG-WWD, 2014 U.S. Dist. LEXIS 198606 at *2 (D.S.C. Aug. 15, 2014) ("The Court has no authority to order a physical examination of a litigant upon his own motion"); *Thomas v. Johnson*, No. 11-cv-01044-REB-CBS, 2011 U.S. Dist. LEXIS 84565, at *2-3 (D. Col. Aug. 2, 2011); *In re Paiva Tej Bansal.* No. 10-179 S, 2011 U.S. Dist. LEXIS 45958, at *2-5 (D.R.I. Apr. 27, 2011); *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009). Specifically, Rule 35 is "not intended for a situation where a prisoner-plaintiff wishes an examination of himself." *Bansal*, 2011 U.S. Dist. LEXIS 45958, at *3.

Indeed, Mr. Gladu demands as part of his requested relief in his Complaint that the Court issue an injunction "requiring that Defendants Correct Care Solutions Clinton, and McDon[]ough provide x-rays of Plaintiff's skull and any necessary follow-up care determined thereafter, including treatment by an outside specialist." *Compl.*

at 6. To order Mr. Gladu's requested Rule 35 relief would in effect grant Mr. Gladu his requested relief without reaching the merits of his claim.

The Magistrate Judge concluded that a review of the medical records supplied by Mr. Gladu "reveals a difference of opinion between Plaintiff and Defendants regarding Plaintiff's diagnosis and treatment. The difference of opinion does not constitute evidence of deliberate indifference." *Recommended Decision* at 6-7. Having performed a de novo review, the Court agrees with the Magistrate Judge. Mr. Gladu's first motion for physical examination attached no medical records at all and the only information in the record for that motion was his own assertions. *Pl.'s Mot.* at 1-3.

On March 7, 2018, Mr. Gladu provided some medical records. *Pl.'s Attach. Exs. A-D* (ECF No. 24). The first is a CT scan report dated July 26, 2003. *Id. Ex. A* at 1. The second is a November 6, 2012 radiology report of Mr. Gladu's nasal bones. *Id. Ex. C* at 1. The third is a December 11, 2012 radiology report of Mr. Gladu's sinuses. *Id. Ex. B* at 1. The fourth is two laboratory results of December 31, 2011 and January 31, 2011, which appear to be Mr. Gladu's own handwriting. *Id. Ex. D* at 1.

On March 26, 2018, Mr. Gladu submitted additional medical records.[4] *Additional Attachs. Exs. A-T* (ECF No. 31). Exhibit A contains laboratory results from NorDx in November 2009. *Id. Ex. A* at 1. Exhibit B contains laboratory results from LabCorp in February 2013. *Id. Ex. B* at 1. Exhibit C contains laboratory results from LabCorp in July 2013. *Id. Ex. C* at 1. Exhibit D contains laboratory results

---

[4] In this exhibit Mr. Gladu submitted some records that have a line drawn through them. The Court assumes that he does not want the crossed-out records to be part of the record in this case.

7

from LabCorp in September 2013. *Id. Ex. D* at 1-2. Exhibit E contains laboratory results from CCS in May 2014. *Id. Ex. E* at 1-2. Exhibit F contains laboratory results from CCS in October 2014. *Id. Ex. F* at 1-2. Exhibit G contains laboratory results from CCS in November 2014. *Id. Ex. G* at 1-2. Exhibit H contains laboratory results from CCS in July 2015. *Id. Ex. H* at 1-2. Exhibit I contains a laboratory result for hemoglobin from CCS in October 2015. *Id. Ex. I* at 1. Exhibit J contains laboratory results from CCS in April 2016. *Id. Ex. J* at 1-2. Exhibit K contains laboratory results from CCS in July 2016. *Id. Ex. K* at 1. Exhibit L contains laboratory results from CCS in January 2017. *Id. Ex. L* at 1. Exhibit M contains laboratory results from a urinalysis in February 2017. *Id. Ex. M* at 1. Exhibit N contains laboratory results from a urinalysis in February 2017. *Id. Ex. N* at 1. Exhibit O contains a note from Dr. Hammi H. Schaeffer concerning his headaches as well as laboratory results from NorDx. *Id. Ex. O* at 1-2. Exhibit P contains laboratory results from CCS in July/August 2017. *Id. Ex. P* at 1-2. Exhibit Q contains laboratory results from CCS in September 2017. *Id. Ex. Q* at 1. Exhibit R contains laboratory results from CCS in January 2018. *Id. Ex. R* at 1-2. Exhibit S contains laboratory results from CCS in February 2018. *Id. Ex. S* at 1-2. Exhibit T contains laboratory results from BioReference Laboratories in December 2011. *Id. Ex. T* at 1, 7.

In addition, as part of his objection, Mr. Gladu supplied a medical record of an April 22, 2017 office visit with Dr. Jason Block in which Dr. Block concluded that he did not "feel he has neoplastic disease and do not feel head imaging is indicated with normal neuro exam." *Pl.'s Obj.* Attach 1 at 1.

Finally, as part of his objection, Mr. Gladu supplied a June 11, 2018 laboratory result from CCS that reveals that Mr. Gladu's phosphorus was 4.6 and the normal range is 2.5 to 4.5, and his Vitamin D, 25-Hydroxy was 34.7 and the normal range is 30.0 to 100.0. *June 11, 2018 Lab Results* at 1. Although Mr. Gladu contends these results buttress his demand for a physical examination and further diagnostic work, the laboratory results are either normal or barely high. This additional laboratory result does not alter the Court's determination that the Magistrate Judge correctly denied his request for a physical examination.

Even after the Court reviewed all the medical records that Mr. Gladu provided, the Court does not find that he has stated a claim for deliberate indifference that would justify the issuance of an injunction. Indeed, as listed here, Mr. Gladu has been checked regularly for laboratory abnormalities ever since 2012, and he was seen by Dr. Schaeffer and Dr. Block in April 2017, neither of whom thought there was any need for further diagnostic workups. In light of this background, the Magistrate Judge correctly determined that Mr. Gladu's demand for a physical examination must fail.

B. **The Motion to Admit Medical Treatises**

As noted earlier, the Court evaluates the Magistrate Judge's exclusion of the medical treatises to determine whether the Magistrate Judge's order is either "contrary to law" or "clearly erroneous." FED. R. CIV. P. 72(a). The Court concludes that the Magistrate Judge correctly decided not to take judicial notice of these treatises because the information does not constitute facts that are "not subject to reasonable dispute as contemplated" by Federal Rule of Evidence 201. *Recommended*

*Decision* at 6, n.3. Moreover, medical treatises "cannot substitute for expert testimony." *Id.*

## V. CONCLUSION

Having performed a de novo review of the Magistrate Judge's June 26, 2018 recommended decision to deny Plaintiff's Motion for Physical Examination (ECF No. 19) and Plaintiff's Renewed Motion for Physical Examination (ECF No. 46), the Court AFFIRMS the Magistrate Judge's recommended decision for the reasons set forth in that decision and set forth herein, OVERRULES Plaintiff's Objection to the Magistrate[']s Recommended Decision (ECF No. 77), and DENIES Plaintiff's Motion for Physical Examination (ECF No. 19) and Plaintiff's Renewed Motion for Physical Examination (ECF No. 46).

The Court GRANTS Plaintiff's Motion to Amend Request for Physical Examination to Include Supplemental Information/Evidence (ECF No. 80). However, this additional laboratory result does not alter the Court's conclusions.

Having assessed the Magistrate Judge's June 26, 2018 order denying the Plaintiff's Motion to Admit Medical Treatises (ECF No. 23), the Court concludes that the Magistrate Judge's June 26, 2018 order is neither clearly erroneous nor contrary to law. The Court OVERRULES Plaintiff's Objection to the Magistrate[']s Recommended Decision (ECF No. 77) and AFFIRMS the Recommended Decision on Plaintiff's Motions for Physical Examination (ECF No. 72) for the reasons set forth in that order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2018